CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
NOV - 1 2010
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

JEFFREY L. MOORE,
    Plaintiff,

Civil Action No.7:10-cv-00410

v.

By:   Hon. Jackson L. Kiser
       Senior United States District Judge

PULASKI COMMUNITY HOSPITAL,
    HCA OF SOUTHWEST VIRGINIA,
    HCA, INC., et al.,
    Defendant(s).

MEMORANDUM OPINION

    Plaintiff filed a complaint against a hospital and its employees for alleged violations of the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395dd, and the Virginia Medical Malpractice Act, Va. Code §§ 8.01-581.1, et seq. Plaintiff filed with his complaint an affidavit describing his poverty that also informed him that he must forward to the court a report that shows "all receipts, expenditures, and balances" for the six-month period prior to filing the complaint.[1] Plaintiff did not include those certified records with his complaint.

    By Order entered September 20, 2010, the court assessed a $350.00 filing fee and, inter alia, granted plaintiff fifteen days from the date of the order to forward to the court a statement of his assets and a report regarding his prison trust account for the six-month period prior to September 2010, signed by the appropriate prison official where he was confined during that time, so the court could determine a payment schedule. Plaintiff was advised that failing to return the required paperwork would result in dismissal of this action without prejudice.

    In response to the order, plaintiff did not file certified records of his prison trust account as required by 28 U.S.C. § 1915(a)(2) and the court's conditional filing order. Therefore,

---

[1] Plaintiff's financial documents were docketed in the same docket entry as the complaint and not as independent entries.

plaintiff did not comply with the conditional filing order, despite the warning that his action my be dismissed without prejudice for noncompliance, and the court cannot determine the appropriate filing fee assessment, pursuant to 28 U.S.C. § 1915(a). Accordingly, plaintiff does not qualify to proceed in forma pauperis, and I dismiss his complaint without prejudice. See, e.g., Dupree v. Palmer, 284 F.3d 1234, 1237 (11th Cir. 2002) (stating that the court is not required to permit plaintiff an opportunity to pay the filing fee after denying leave to proceed in forma pauperis).

Plaintiff also filed a motion for recusal, arguing that the Magistrate Judge did not immediately rule on his incomplete motion for leave to proceed in forma pauperis and provided him a second chance to file the appropriate documents. Plaintiff also complains that the Magistrate Judge advised him that he failed to state a claim upon which relief may be granted and provided him the opportunity to submit an amended complaint while quoting him the relevant Federal Rules of Civil Procedure that apply to drafting complaints. Plaintiff also complains that the Magistrate Judge granted him a twenty-day extension of time to file any other documents to comply with the conditional filing order.[2] The events of which plaintiff complains have no adverse impact on the disposition of this matter, and plainitff's requests for recusal and an assignment of a judge who "will assist [plaintiff] in a timely fashion" do not warrant relief. See, e.g., Liteky v. United States, 510 U.S. 540, 554-56 (1994) (requiring extrajudicial factor for recusal). In the event a cure is necessary, I authorize Magistrate Judge Michael F. Urbanski to

---

[2]Plaintiff intended to file the motion in only another case, but the Clerk docketed it in both that case and this case. Regardless of this fact, plaintiff was not prejudiced by receiving additional time to correct the noted deficiencies in his in forma pauperis application.

consider and rule on any non-dispositive, pre-trial matters that may arise in this action, pursuant to 28 U.S.C. § 636(b)(1)(A), nunc pro tunc to September 15, 2010.

For the foregoing reasons, I deny plaintiff's requests for leave to proceed in forma pauperis, dismiss the complaint without prejudice, authorize Magistrate Judge Michael F. Urbanski to consider and rule on any non-dispositive, pre-trial matters that may arise in this action, pursuant to 28 U.S.C. § 636(b)(1)(A), nunc pro tunc to September 15, 2010, and deny plaintiff's motion for recusal. Plaintiff may refile the complaint as a new and separate action at the time he can pay the $350 filing fee or file the necessary documents to proceed in forma pauperis.

The Clerk is directed to send a copy of this order to plaintiff.

ENTER: This 1st day of November, 2010.

Senior United States District Judge